IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) |
| 84 LUMBER COMPANY, A LIMITED PARTNERSHP, and IRVING ALEJANDRO ADAME-CARDOZA a/k/a IRVING ADAME, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Acuity, A Mutual Insurance Company ("Acuity"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, files this Declaratory Judgment Action against Defendant, 84 Lumber Company, A Limited Partnership ("84 Lumber") and Irving Alejandro Adame-Cardoza a/k/a Irving Adame ("Mr. Adame"), as follows:

### I. THE PARTIES

1. The Plaintiff, Acuity, is an insurance company incorporated under the laws of the State of Wisconsin, with its principal place of business located at 2800 South Taylor Drive, Sheboygan, WI 53081. Acuity has complied with the laws of the State of Tennessee pertaining to corporations engaged in insurance business therein and is authorized to transact business in the State of Tennessee. Acuity is a citizen and resident of the State of Wisconsin for purposes of 28 U.S.C. § 1332.

2. Defendant, 84 Lumber, is a limited partnership with a principal place of business located at 1019 Route 519, Eighty Four, PA 15330. 84 Lumber may be served

with a copy of this Complaint and summons through its registered agent, Corporate Creations Network, Inc., 5865 Ridgeway Center Parkway, Suite 395, Memphis, TN 38120. 84 Lumber is thus a citizen and resident of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

3. Defendant, Mr. Adame, is and at all relevant times, was a citizen and resident of Rutherford County, Tennessee. Upon information and belief, he resides at 136 Brandon Trail, Smyrna, TN 37167. Mr. Adame is thus a citizen and resident of the State of Tennessee for purposes of 28 U.S.C. § 1332.

## II. VENUE AND JURISDICTION

4. 84 Lumber and Mr. Adame (an employee of 84 Lumber) have been named as Defendants in a wrongful death lawsuit filed by Michelle Crutchfield ("Mrs. Crutchfield"), who is the surviving spouse of decedent, Stephen Crutchfield ("Mr. Crutchfield"). The wrongful death lawsuit was filed on February 23, 2026, in the Circuit Court for Rutherford County, TN, under dkt. no. 26CV-84818 ("the underlying suit").[1]

5. The underlying suit seeks compensatory damages of "not [more] than seven million dollars" and punitive damages of "not [more] than ten million dollars."

6. As will be more fully set forth below, Acuity issued insurance policy no. ZY0816 to Eagle Trucking, LLC ("Eagle Trucking"), in Corryton, TN ("the policy"), which was in effect from December 18, 2025, to December 18, 2026.[2] Eagle Trucking is not a party to the underlying suit. 84 Lumber has submitted a claim to Acuity against the policy relating to the death of Mr. Crutchfield on July 16, 2025, which is the basis for the

---

[1] A true and correct copy of the underlying suit has been attached hereto as **Exhibit A**. It is incorporated herein pursuant to Fed. R. Civ. P. 10(c).
[2] A true and correct copy of the policy has been attached hereto as **Exhibit B**. It is incorporated herein pursuant to Fed. R. Civ. P. 10(c).

underlying suit. The alleged actions that resulted in Mr. Crutchfield's death occurred in Rutherford County, TN. Accordingly, venue is proper in this Court and in this Division pursuant to 28 U.S.C. §§ 1391 and 123, respectively.

7. This case is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

8. An actual controversy exists between Acuity and Defendants within the meaning of 28 U.S.C. § 2201, and this Honorable Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationships of Acuity and Defendants with respect to the issues raised herein.

### III. FACTS

9. As of July 16, 2025, Mr. Crutchfield was an employee of Eagle Trucking.

10. On that same date, Mr. Crutchfield was present at 84 Lumber premises located at 136 Wheeler Street, La Vergne, Rutherford County, TN. The purpose of Mr. Crutchfield being on the 84 Lumber premises was to pick up a load of lumber/wood to deliver to another location.

11. Mr. Adame, as an employee of 84 Lumber, was tasked with loading Mr. Crutchfield's truck.

12. Another 84 Lumber employee was called to assist Mr. Adame as he was having some issues handling the material and loading Mr. Crutchfield's truck. However, this employee provided no assistance and left Mr. Adame to continue struggling with the load of lumber.

13. As Mr. Crutchfield was walking away from the truck/load, Mr. Adame moved his forklift, which resulted in the load of lumber to fall from the forklift's forks and strike Mr. Crutchfield.

14. At all times relevant, Mr. Adame was an 84 Lumber employee acting on behalf of 84 Lumber while operating equipment owned by 84 Lumber on premises owned/managed by 84 Lumber.

15. Mr. Crutchfield died as a result of his injuries on July 16, 2025.

16. Mrs. Crutchfield filed the underlying suit against 84 Lumber's and Mr. Adame's negligence was the cause of Mr. Crutchfield's death.

17. Mrs. Crutchfield did not allege any negligence in the underlying suit against Mr. Crutchfield or his employer, Eagle Trucking. Instead, Mrs. Crutchfield alleged Mr. Crutchfield's death was caused by the sole negligence of 84 Lumber and its employee.

18. Mrs. Crutchfield alleged the following factual allegations against Mr. Adame and 84 Lumber caused Mr. Crutchfield's death:

   a. Mr. Adame negligently operated the forklift and failed to maintain control of it;

   b. Mr. Adam improperly positioned the forklift;

   c. Mr. Adame failed to see and be aware of what was in view;

   d. Mr. Adame failed to exercise due care while operating the forklift;

   e. 84 Lumber is vicariously liable for Mr. Adame's negligence via *respondeat superior*;

   f. 84 Lumber negligently hired Mr. Adame and other employees;

   g. 84 Lumber negligently trained Mr. Adame and other employees;

h. 84 Lumber negligently supervised Mr. Adame and other employees;

i. 84 Lumber encouraged unsafe operation practices;

j. 84 Lumber negligently entrusted Mr. Adame and other employees with use of the forklift;

k. 84 Lumber negligently failed to properly inspect the forklift;

l. 84 Lumber negligently retained Mr. Adame and other employees when it knew, or should have known, that he was negligent in his operation of the forklift;

m. 84 Lumber negligently failed to provide the proper forklift and/or attachments to load the materials that were being loaded at the time of the incident; and

n. 84 Lumber negligently designated and/or staged the loading area where the incident occurred.

19. Mrs. Crutchfield seeks compensatory and punitive damages from 84 Lumber and Mr. Adame for their "negligence, gross negligence[,] and/or recklessness …."

20. Mrs. Crutchfield alleges that 84 Lumber and Mr. Adame "acted recklessly" in that they "consciously disregarded … substantial and unjustifiable risk[s]" that "constituted … gross deviation[s]" from the standard of care.

21. As of July 16, 2025, a contract existed between 84 Lumber and Eagle Trucking ("the contract").[3]

22. The contract included the following language with respect to insurance:

**XIII. INSURANCE:** Contractor shall provide Worker's Compensation Insurance covering contractor's drivers. Contractor shall also provide Commercial General Liability (The policy should include the Broad Form Commercial General Liability Endorsement or an endorsement adding Blanket Contractual Liability Insurance with limits equal to those outlined) and Automobile Liability Insurance with limits not less than $1,000,000 per occurrence covering bodily injury, death, and property damage suffered by

---

[3] A true and correct copy of the contract has been attached hereto as **Exhibit C**. It is incorporated herein pursuant to Fed. R. Civ. P. 10(c).

5

> anyone including employees of 84 and/or of Contractor during the course of, and on the site of and/or adjacent to the operations covered by this Agreement. Contractor shall be responsible for damage to and/or loss of any cargo from 84 regardless of the ownership, title of such cargo. **Contractor shall name 84 an additional insured under Contractor's Insurance policies by means of an "Additional Insured" endorsement in a form satisfactory to 84.** Contractor shall also furnish 84 with a Certificate of Insurance illustrating such insurance policies which certifies that the Contractor has the required coverages in force at all relevant times and that none of the coverages may be cancelled without at least 30 days advance written notice to 84. …

(Emphasis added.)

23. The contract also included the following language with respect to indemnification:

> **XI. INDEMNIFICATION:**
>
> a) In the performance of the Work, the contractor agrees to indemnify, protect, save, hold harmless and defend 84 from and against any and all loss, costs, damages, suits, and liability whatsoever, and all related expenses, including costs and attorneys' fees, and all claims and demands therefor, whether with or without merit, for damages because of bodily injury, sickness, disease or death at any time resulting therefrom sustained by any person or persons, including 84 customers, Contractor and its employees, Contractor's subcontractors, or agents of Contractor, or on account of damage to real or personal property including the loss or use thereof resulting from, arising from, arising out of or in any way connected with the performance of the Work by the Contractor or by the Contractor's employees, agents or subcontractors regardless of whether or not such damage is caused or alleged to be caused in whole or in part by the negligence of 84.

(Emphasis added.)

24. The contract defined "work" as follows:

> Contractor, an independent contractor, agrees to provide supervision, loading, unloading, transportation, and related services ("hereinafter referred to as "Work") for the customers of 84 in a good, safe, and workmanlike manner, using suitable equipment, maintained and operated

in a responsible and safe manner to deliver materials according to the following rate schedule ....

25. The contract defined Eagle Trucking as "contractor."

26. Upon information and belief, the contract was drafted by 84 Lumber and/or its agents/representatives.

## IV. DECLARATORY RELIEF SOUGHT

27. Acuity alleges and avers the policy does not provide any coverage for any injury to, or death of, Mr. Crutchfield.

28. 84 Lumber and Mr. Adame have submitted a claim to Acuity seeking coverage under the policy for the underlying suit.

29. Acuity avers it has no duty or obligation to defend and/or indemnify 84 Lumber or Mr. Adame against any and all claims or damages brought against them in the underlying suit.

30. Acuity alleges and avers that 84 Lumber is not an insured under the policy.

31. Acuity alleges and avers that Mr. Adame is not an insured under the policy.

32. The policy provided the following relevant policy language under Endorsement CG-2033R (5-13):

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

    **1.** Section II – Who Is An Insured is amended to include as an additional insured:

        **a.** Any person or organization for whom you are performing operations when you and such person or

7

Case 3:26-cv-00241   Document 1   Filed 03/03/26   Page 7 of 11 PageID #: 7

> organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
>
> **b.** Any other person or organization you are required to add as an additional insured under the contract or agreement described in paragraph a above.
>
> Such person or organization is an additional insured only with respect to liability for *bodily injury*, *property damage* or *personal and advertising injury* caused, in whole or in part, by:
>
> **a.** Your acts or omissions; or
>
> **b.** The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated below. A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

33. Acuity alleges and avers that Mrs. Crutchfield has claimed in the underlying suit that Mr. Crutchfield's death and the damages claimed as result thereof, were caused by the sole negligence of 84 Lumber and its employee, Mr. Adame.

34. Acuity alleges and avers that the contract does not obligate Eagle Trucking to defend or indemnify 84 Lumber and its employee, Mr. Adame, for its sole negligence.

35. Acuity alleges and avers that 84 Lumber does not qualify as an additional insured under the policy.

36. Acuity alleges and avers that Mr. Adame does not qualify as an additional insured under the contract or the policy.

37. Acuity alleges and avers that 84 Lumber does not qualify as a contractual indemnitee under the contract or the policy.

38. Acuity alleges and avers it owes no duty to defend 84 Lumber against any allegations contained in the underlying suit.

39. Acuity alleges and avers it owes no duty to indemnify 84 Lumber for any damages sought by Mrs. Crutchfield in the underlying suit.

40. Acuity alleges and avers it owes no duty to defend Mr. Adame against any allegations contained in the underlying suit.

41. Acuity alleges and avers it owes no duty to indemnify Mr. Adame for any damages sought by Mrs. Crutchfield in the underlying suit.

42. Acuity further relies upon all of the other provisions, terms, conditions, and exclusions of the policy in this Declaratory Judgment Action, and avers that, under the policy, there is no coverage afforded for the injury to, and death of, Mr. Crutchfield.

**WHEREFORE**, the Plaintiff, Acuity, A Mutual Insurance Company, prays as follows:

1. That the Defendants be required to answer and appear herein;

2. That the Court adjudicate and declare that Acuity policy no. ZY0816 provides no coverage whatsoever for the injury to, and death of, Mr. Crutchfield;

3. That the Court adjudicate and declare that 84 Lumber is not an insured under Acuity policy no. ZY0816;

4. That the Court adjudicate and declare that Mr. Adame is not an insured under Acuity policy no. ZY0816;

5. That the Court adjudicate and declare that 84 Lumber is not an additional insured under Acuity policy no. ZY0816;

6. That the Court adjudicate and declare that Mr. Adame is not an additional insured under Acuity policy no. ZY0816;

7. That the Court adjudicate and declare that 84 Lumber is not a contractual indemnitee under the contract or Acuity policy no. ZY0816;

8. That the Court adjudicate and declare that Mr. Adame is not a contractual indemnitee under the contract or Acuity policy no. ZY0816;

9. That the Court adjudicate and declare that Acuity owes no duty to defend 84 Lumber against any allegations contained in the underlying suit;

10. That the Court adjudicate and declare that Acuity owes no duty to indemnify 84 Lumber for any damages sought by Mrs. Crutchfield in the underlying suit;

11. That the Court adjudicate and declare that Acuity owes no duty to defend Mr. Adame against any allegations contained in the underlying suit;

12. That the Court adjudicate and declare that Acuity owes no duty to indemnify Mr. Adame for any damages sought by Mrs. Crutchfield in the underlying suit;

13. That the costs of this action be assessed against the Defendants; and

14. For such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

**GIDEON, ESSARY, TARDIO
  & CARTER, PLC**

*/s/ Cory R. Miller*
**J. Blake Carter, #030098**
**Cory R. Miller, #034770**
4400 Harding Pike, Suite 1000
Nashville, Tennessee 37205
(615) 254-0400
blake@getclawfirm.com
cory@getclawfirm.com

*Attorneys for Plaintiff, Acuity, A Mutual Insurance Company*